UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JAMES ST. LOUIS, *on behalf of himself
and all Individuals similarly situated*,

              Plaintiff,

     -against-

SELENE FINANCE, LP,

              Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-6182 (FB) (PK)

Appearances:

*For the Plaintiff*:
IGOR MEYSTELMAN
IM Law Group, P.C.
445 Central Avenue, Suite 108
Cedarhurst, NY 11516

*For the Defendant*:
STEPHEN J. BUMGARNER
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

**BLOCK, Senior District Judge:**

Plaintiff James St. Louis ("Plaintiff") asserts four putative class claims against mortgage-servicer Selene Finance, LP ("Selene") for violations of federal and New York law relating to "loss mitigation applications" that Plaintiff submitted to Selene in 2017. Selene now moves to dismiss all claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion is granted with respect to Count One and Count Four, and denied in all other respects.

**I.**

On a motion to dismiss, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of Plaintiff as the non-moving party. *See Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). The Court limits its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Id*.

In late-2008, Plaintiff obtained a loan from Lend America and collaterally secured by a mortgage on Plaintiff's property ("Property") in Far Rockaway, New York ("Mortgage Loan"). By September 2010, Plaintiff started defaulting on payments owed under the Mortgage Loan, and by July 2011 Plaintiff was the subject of a foreclosure action in New York State Supreme Court, County of Queens (Index No. 17421/11) ("Foreclosure Action"). The state court entered a Judgment of Foreclosure and Sale in November 2016 ("Foreclosure Judgment"), and later denied Plaintiff's motion to stay the foreclosure sale in February 2018.

Following entry of the Foreclosure Judgment, Plaintiff submitted two "loss mitigation" applications to Selene requesting an evaluation of possible "options" in lieu of foreclosure—such as short sale or loan modification. Plaintiff submitted the first application in February 2017 ("Application #1"), and then "having not heard from [Selene]," submitted a second application in December of the same year

("Application #2"). Selene scheduled a foreclosure sale of the Property for February 23, 2018.

Between April 2017 and January 2018, Plaintiff received at least eight "notices" from Selene regarding his Applications (or regarding "loss mitigation options" generally), but Plaintiff asserts that Selene did not complete the evaluation of Application #1 until January 18, 2018, and that "[u]ntil this very day . . . [Selene] has not" made a determination with respect to Application #2.

Plaintiff initiated the present federal suit in November 2018, asserting three claims under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (codified at 12 C.F.R. § 1024.41) ("RESPA"), and one claim under New York General Business Law ("GBL") § 349. Count One states a claim under RESPA § 1024.41(g), which prohibits mortgage servicers from proceeding with a foreclosure sale if a borrower has submitted a "complete loss mitigation application . . . more than 37 days before a foreclosure sale." Count Two alleges a violation of RESPA § 1024.41(d), which requires that servicers "state . . . the specific reason or reasons for" denying a loss mitigation application. Count Three asserts a claim under RESPA § 1024.41(c)(1), which requires that servicers evaluate a loss mitigation application and provide written notice of their "determination" within 30 days of receiving a complete application. Count Four, the lone state-law cause of action, states a claim under New York GBL § 349, which makes it unlawful for any

business to engage in "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York.

Selene moves to dismiss all Counts under Federal Rule of Civil Procedure 12(b)(1) and the *Rooker-Feldman* doctrine, or alternatively, under the doctrine of *res judicata* and Rule 12(b)(6). The Court addresses each of Selene's asserted grounds for dismissal in turn.

## II.

The *Rooker-Feldman* doctrine strips federal district courts of subject-matter jurisdiction to decide claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (holding only the Supreme Court can hear a direct appeal from a state court judgment) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983) (holding federal courts lack jurisdiction over claims "inextricably intertwined" with prior state court determinations)).

According to Selene, *Rooker-Feldman* bars Plaintiff's federal suit because "Plaintiff's Complaint seeks the rejection of the [state court] Foreclosure Judgment." Plaintiff, for his part, concedes that he "lost" in the Foreclosure Action and that the

Foreclosure Judgment issued before Plaintiff brought suit in this Court, but disputes that his Complaint alleges injuries caused by the Foreclosure Judgment or that he "seek[s] to undo" the state court's judgments. In part, both Selene and Plaintiff have it wrong.

Plaintiff's federal suit concerns Selene's conduct in response to two "loss mitigation applications." Counts Two and Three allege that Selene violated RESPA by (a) failing to state a "specific reason or reasons" for denying Application #1 (Count Two) and (b) failing to provide Plaintiff with written notice of a determination within 30 days of receiving Application #2 (Count Three). Count Four asserts that Selene violated GBL § 349 by sending Plaintiff three notices purporting to state that loss mitigation "options may be possible" when, in reality, Selene had already denied Plaintiff's Application #1. In short, none of those Counts assert an injury caused by the Foreclosure Judgment; Plaintiff's injuries, if any, arise out of conduct that occurred over a year after the state court issued that decision. Nor would the adjudication of those Counts require that this Court review or reject any of the state court's factual or legal determinations. Thus, *Rooker-Feldman* does not apply to Counts Two, Three, or Four.

The same cannot be said for Count One. That Count alleges that Selene violated RESPA by proceeding with a foreclosure sale on the Property even though Plaintiff had submitted a "complete loss mitigation application." Because Plaintiff

previously raised—and the state court decided—that exact claim, *Rooker-Feldman* applies and this Court lacks subject matter jurisdiction over Count One.

## II.

Selene urges that any claim not barred by *Rooker-Feldman* is barred by the doctrine of *res judicata—i.e.* claim preclusion.  Under that doctrine, "a final judgment on the merits bars a subsequent action between the same parties over the same cause of action."  *Channer v. Dep't of Homeland Sec.,* 527 F.3d 275, 279 (2d Cir. 2008).  To hold that a claim is barred by *res judicata*, a court must first determine that the suit before it "involves the same claim" or "nucleus of operative fact" as a prior suit.  *Id.* at 280.  To determine, in turn, that two proceedings involve the same "claim" or "nucleus of operative fact," the court looks to "[t]hree indicia": (1) "whether the underlying facts are related in time, space, origin, or motivation;" (2) "whether the underlying facts form a convenient trial unit;" and (3) "whether their treatment as a unit conforms to the parties' expectations."  *Id.* at 280.

Selene has not established that the Foreclosure Action and Plaintiff's federal suit satisfy those indicia.  As to the first indicia, the underlying facts in each proceeding are unrelated in time, space, origin, or motivation.  The underlying facts in the state Foreclosure Action concerned the terms of the Mortgage Loan and Plaintiff's alleged failure to make loan payments starting in 2010.  By contrast, the facts underlying Plaintiff's federal lawsuit relate to "notices" that Selene purportedly

6

sent between April 2017 and January 2018—well after the state court's Foreclosure Judgment. Plaintiff could not have raised Counts Two, Three and Four by the time of the Foreclosure Judgment because the factual basis for those claims did not exist in 2016 when the state court rendered its decision.

Nor do the claims asserted in each proceeding "form a convenient trial unit" as would meet "the parties' expectations." *Channer*, 527 F.3d at 280. A party pressing a claim for foreclosure must produce different evidence and establish different elements than are required for a claim brought under either RESPA or GBL § 349. *See Channer*, 527 F.3d at 281 ("While the remedy for each claim is identical . . . the contrasting evidence required to prove each claim and the different elements of each [claim] demonstrate that they do not form a convenient trial unit."). Accordingly, because the claims and factual predicates involved in the Foreclosure Action and Plaintiff's federal suit are distinct, *res judicata* does not bar Plaintiff from pressing Counts Two, Three and Four.

### III.

Lastly, Selene contends that Plaintiff has failed to plead violations of RESPA and New York GBL "upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The pleading must offer more than "bare assertions," "conclusory"

7

allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A.  RESPA Claims (Counts Two & Three)

Selene argues that Plaintiff's RESPA claims fail for two reasons:  First, because RESPA regulates only the "process" of evaluating loss mitigation applications—not the actual "decision" whether to approve or deny such applications—Selene contends that Plaintiff "lacks [a] foundation" to challenge the "determination that [Plaintiff] was not eligible for loss mitigation programs." Second, because mortgage servicers are exempt from RESPA "if the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower," Selene maintains that Plaintiff's claims fail as they "all relate to his second loss mitigation application."  12 C.F.R. § 1204.41(i) (emphasis added).  Selene is wrong on both accounts.

As to the first argument, the Complaint alleges specific violations of RESPA's notice and procedure requirements:  Count Two alleges that Selene violated the statute when it denied Application #1 on the basis of "excessive delinquency" but without explanation as to "why 'excessive delinquency' should have any bearing on eligibility for a loss mitigation option," and Count Three alleges that Selene violated RESPA "by not providing a written a 30-day Notice as to the status of" Application #2.  Neither Count challenges Selene's "determination" on Plaintiff's applications,

and both state plausible claims that Selene acted (or failed to act) as required by RESPA.

As to Selene's second argument, the Complaint contains sufficient factual matter to support a reasonable inference that Selene had not "previously complied with" RESPA "for a complete loss mitigation application" such that Selene would be exempt from further compliance with the statute. In particular, the Complaint alleges that Selene's evaluation of Application #1 continued, at least, until January 18, 2018, when Selene notified Plaintiff that the "request for assistance" submitted in February 2017 (when Plaintiff submitted Application #1) was denied "due to excessive delinquency." Accordingly, the Complaint states sufficient facts on which to draw a reasonable inference that Selene was required to comply with RESPA at all relevant times, and therefore liable under the statute.

B.  GBL § 349 Claim (Count Four)

New York GBL § 349 makes it unlawful for any entity doing business in New York to engage in "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." To state a claim under Section 349, "a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts [were] misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). A plaintiff fails to state a claim if they make only "conclusory allegations

about misrepresentations affecting consumers generally," *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 536 (E.D.N.Y. 2015), or fail to "show that defendant's allegedly deceptive act caused [an] injury," *Abraham v. Am. Home Mortg. Serv., Inc.*, 947 F. Supp. 2d 222, 234 (E.D.N.Y. 2013).

Selene contends that Plaintiff has failed to allege both (1) "damage to the consuming public at large" and (2) an "injury caused by a material misrepresentation." We agree and dismiss Count Four.

The Complaint asserts that Plaintiff received three notices from Selene in January 2018 that purported to offer loan modification "options," and that similar notices were "almost certainly" sent to "numerous [other] homeowners." Yet the pleading lacks any assertion regarding *what* representation in the notices was "deceptive," or *how* (or *when*) the alleged misrepresentations were made to consumers generally. Even as to the representations in the notices that Plaintiff received personally, the Complaint is bereft of detail about what injury Plaintiff suffered as a result. Merely speculating that misrepresentations were "almost certainly" broadcast to other homeowners is insufficient to support a plausible Section 349 claim. *Kilgore*, 89 F. Supp. 3d at 536.

## CONCLUSION

For the reasons stated in this Memorandum, Count One and Count Four are dismissed. As the court lack's subject matter jurisdiction over Count One, that claim is dismissed with prejudice. If Plaintiff wishes to file an amended complaint to replead Count Four, he may do so within 30 days of this order.

**SO ORDERED**.

　_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 27, 2019